United States Bankruptcy Appellate Panel for the 8th Circuit is now in session. All persons having business before this honorable court may now draw near and they may be heard. God save the United States and this honorable court. The first case set in oral argument this morning, June 8, 2019, is case number 18-6026. N. Ray Tracy, John Clements, etc. Bill L. Kunkel, etc. v. CUSB Bank, etc. Mr. Dove. Good morning. Good morning. Thank you, your honor. May it please the court. Counsel, my name is Michael Dove and I represent CUSB Bank, the appellate. We're here today because the bankruptcy court erred in granting summary judgment by ignoring a requirement of a state court order of the summary real estate disposition judgment that required a spouse to execute a deed. In the bankruptcy court's decision, the court held that by the filing of the summary real estate disposition judgment, that within itself terminated all of the rights that Nancy Clements had in and to the real estate. We respectfully disagree. The basic facts are set out in the memorandums, but just for the highlight, the Clements acquired this property when they were married, during the marriage of Nancy and Tracy. The real estate, the Miller property, was acquired in 2007, as was the Knowles, both in April of 2007. The real estate was titled in Tracy Clements' name individually. Tracy and Nancy Clements then subsequently divorced in February of 2012. In March of 2012, state court judge Robert Benson issued a summary real estate disposition judgment, stating, and I quote, debtor herein is hereby awarded all the rest of the real estate, here's the key part, owned by the parties. And then he goes on. The real estate, Nancy Clements, will execute a quick claim deed, conveying her interest in the real estate as more particularly described on Exhibit D. But Mrs. Clements didn't really own the real estate. She simply held an interest, as that's defined by statute. Isn't that correct? Your Honor, she was not titled on the real estate. That is correct. How else do you get ownership in property if you're not entitled? I believe MnSTAT 518.003, subdivision 3B, states the following, and I quote part of it. Each spouse will be deemed to have a common ownership interest in marital property. But doesn't that statute also go on to say that that's just for purposes of valuation, that the interest in the real estate as marital property vests, vests doesn't mean ownership. It simply means the right to have a valuation of that property for purposes of property settlement. I mean, isn't that the intent of this statute? That may be part of it, but the intent is also at the time of disposition or at the time of a dissolution, then the spouse has a common ownership interest in that real estate and has to be accounted for at that point. But it's a value ownership, right? Because if she didn't have ownership, just take this hypothetical for a minute. She just had a spousal interest, and the court decided that she should receive this farmland, then he would have had to transfer it to her, correct? Yes. All right. But that's because he's entitled. The disposition summary, when you read it, she received other real estate. So it seems that he then was going to retain the real estate at issue. Isn't that correct? Yeah. I think it was a balancing act. I wasn't involved in the dissolution. But, yeah, I presume it was a balancing act. But the key point of the judge's summary real estate disposition judgment is that he required. Now, both of these parties were represented by counsel, okay? And I presume, as typical, they probably negotiated the terms. But the term specifically says that Nancy Clement will execute and deliver a quick claim deed. Okay. You've forgotten another provision of the order, have you not? The one that says that it is sufficient to transfer title that that order be recorded, correct? You're right. That says that at the end of the order. And the provision you're citing does not say that it's necessary to transfer title for her to execute that deed, does it? I disagree. It just obligates her to do so. What's that? It just obligates her to do so. It does not say this is necessary for the purpose of transferring title, does it? No, it doesn't. But what it says, and if we look at the statute with respect to a summary real estate disposition judgment specifically, it says parties may rely on a summary real estate disposition judgment to establish the facts stated in that judgment. But go to the end of the statute. Isn't there a reference to conflicts that says the summary disposition is the issue that controls, not the court order? And when you look at that court order, it appears as though there's just boilerplate language in there about quick claim deeding back and forth. There is, except for two of the items, there is, Your Honor. But the third one, when we talk about the condominium, then there's no requirement for a deed in that specific one. So obviously there was a distinction and a purpose by including it in two of the provisions for the farmland real estate versus the condominium that was set out and does not include that requirement that there be a deed delivered on that part of it. Well, if you interpret the order the way you want to interpret it, which is to say that it was necessary that she execute that deed before her interest was transferred, don't you render the other provision, which I just referred to, essentially a nullity? No, I believe they work very well together, Your Honor. They work together to say, here's what it is, and now you, as a person of interest who's going to come and do a real estate track search, can read this order, and it says, you know, da-da-da-da, and the facts stated in that judgment says that Nancy Clement will execute and deliver a deed. So it's done for the convenience of other parties, not as a necessary item for transfer? I disagree. I believe the summary of real estate disposition within itself, the facts stated in there, says that she has to deliver a deed. Well, let me ask you this. Let's just say for purposes of argument that I agree with you, and the result is that Mrs. Clement individually issues a deed to Mr. Clement individually. Your mortgage is still with the trust. Where does that get you? Well, I think we have to go back there, then, Your Honor. In that situation, there is an issue of fact, and then we have to go back to see if one— What's the issue of fact? Your mortgage is with the trust. The trust—Mr. Clement's trust never owned the real estate. Your mortgage is still bad, right? I disagree, Your Honor. If we go back and look at the deed, the deed was given from Nancy as a trustee of her trust to Mr. Clement's trust. So as a result, she transferred our property into that, and any bonafide purchaser would see that trail of the deed to say, hey, there's an issue here that there's— But the deed is in his individual name. How would they find it under a trust? Isn't a trust a separate legal vehicle? Yes, it is, Your Honor. The deed, however, that was given from Nancy was given to him as a trust, so it would show up. It was given to Tracy Clement as trustee of his trust. Well, is there any evidence in the record of what a search of the real estate records would show? No, there isn't, Your Honor. So how does Minnesota index these things? By legal description? By transfer or transferee? All of the above? We don't know, do we? Well, you're right. That is the question of fact that we need to get back to the trial. That's a question of law, isn't it? That's a question of law. No, I believe that the deed that was submitted to there, and if there's deeds out there, that is a factual question is who had the right to dispose of the real estate and to what extent was that real estate transferred? Go ahead. No, go ahead. Under the state law, is her interest that doesn't vest until divorce, can she transfer that into a trust? I've not seen any research that indicates that, you know, a contingent future, maybe vesting for value kind of interest can actually be an asset held by a trust. Do we even know that her trust held title? Or not held title, but is that something she can even transfer into a trust? I believe she could, Your Honor. Whether or not it's valid or not, people can do things all the time. But where in the record does it show that even her transfer from her trust would have been valid? It doesn't because we never got to that point, Your Honor. The bankruptcy judge ruled that just as a matter of law, the initial summary of the real estate disposition within itself terminated her interest. And I think that's the key word. It certainly did not terminate her interest. Now we have, at least at a minimum, an ambiguity in the court order that says you are required to do something, and if I am representing somebody and it says I am required to do something, you do it. I mean, it is superfluous to think that that sentence is in there just by mistake. Obviously, Mr. Sweene took that sentence seriously because he did allow for and provide for the preparation and execution of the deed by Ms. Clement in July of 2012. I hate to go backwards, but she had a marital interest, correct? She was a co-owner of the real estate under the Minnesota statutes, Your Honor. So what was the effect of a conveyance from her trust? Which never owned the property. Which never had her interest. Your Honor, that is an absolute point, and that's the factual question that we raise in front of the bankruptcy court. That's not a factual question. Whether she had an interest in it and whether or not there was a Scrivener's error with respect to how Mr. Sweene presented it. Did you raise the Scrivener's error below? Yes. Okay. And tell me why you think there's a Scrivener's error. Because Mr. Sweene represented Tracy Clement at this process, and having had experience in this case for the past two years, there were various parcels of real estate that were held by his trust and by various different items along those lines, and I believe Mr. Sweene was responsible for preparing this deed. So it's Mr. Sweeney's fault now, not the bank's for taking the wrong mortgage? No. First of all, I don't think we took the wrong mortgage because Nancy did distribute her interest in that, whether it was individually or the trust. No, her trust did, not her. She did as the trustee. That is correct, Your Honor. But she didn't transfer anything into him. That was for purposes of valuation, correct? You want to elevate what this statute actually does. She has never been in title. Has she? Ever. Her name has not been on the title. That is correct. Okay. Yep. I would agree with that. However, I think we have to look at that, whether it's for valuation or whatever, where the statute says it's deemed to have a common ownership interest. I think that is important for this Court to look at. That sentence within itself says that you have an interest. Whether or not Mike Dove goes out and buys a piece of real estate and doesn't include his spouse's name on that property, one, she's not going to be happy about it, but two, I mean, you know, she has an interest in that property. She may not be able to have a deed, but there certainly is an interest in this Court. Judge Benson, the state court judge, recognized that at the point when, in the summary of real estate disposition, he required her to execute a deed. I'm going to save a couple minutes for rebuttal. Yeah, let's talk about the Scrivener's error argument for a minute. So essentially what you're trying to do is to reform, well, first of all, your opponent says this is more than just a Scrivener's error. You're trying to substitute a document that doesn't exist for a different grantee, different grantor. What's your response to that? It would probably be a Scrivener's error with respect to the grantee. I mean, for Mrs. Clement, Nancy Clement, whether she did it individually or as a trustee. If you look at the case law and established law in Minnesota, if she would have given that real estate to Mr. Clement's trust or to Mr. Clement, that is still Mr. Clement, and he still has title to that real estate. Well, under Minnesota law, there are several requirements to essentially reform. Are there not? There are. And one of them is you have to prove mutual mistake or a mistake on one side and either fraud or inequitable conduct on the other side. How have you proven that? What evidence in the record is there that supports that? We never had a chance, Your Honor. But wasn't it your obligation to tender such evidence if you wanted to create a genuine issue of material fact as to whether or not there should be reformation? Your Honor, it's the error and the factual question that was created. First of all, we're hearing two things. One, I believe the bankruptcy judge erred as a matter of law because it ignored that requirement that there be a deed and just said that once the summary of real estate disposition was recorded, it was terminated. There is nothing in the state court order that says that it terminates her interest. Again, there may be an ambiguity in that state court order to say one thing on one side, but there is an issue on the other side of that with respect to the deed. Thank you. Thank you. Mr. Sigelman? Good morning. Good morning, Mr. Chairman. May it please the court, counsel, on behalf of the trustee, Phillip L. Kunkel, Sam Sigelman, I will note for the record that Mr. Kunkel is also here present in the courtroom sitting at counsel's table. As the court pointed out during Mr. Dove's presentation, that the marital interest issue is not terribly relevant to the case at hand. Instead, the impact of the summary real estate disposition judgment is of import in this case, and it is dispositive, and that's why as a matter of law, Your Honors, the bankruptcy judge, Judge Ridgway, made the correct finding to grant summary judgment. There's a number of confusing arguments that were presented to the court that I'd like to address, but one quick clarification for the record. There was some questioning from Judge Dow, if I recall correctly, about whether the record is clear on the title and the title passing from one part to the other. Based on the declaration from Phillip L. Kunkel, which was submitted in conjunction with the Appalese Summary Judgment Memoranda, it's clear, based on trustees' review of the title records, that neither Nancy Clement nor Nancy Clement's trust was ever in fee ownership of the subject property. And furthermore, other than what is described in the briefing from the appellant, other than the bungled transaction, the Tracy Clement trust was never a true fee owner of the property at issue. But would her trust have held, quote, an interest in the marital property? Is that something that can be transferred into a trust? No, Your Honor. According to Judge Kressel in the Enri Johnson case, which is cited in the briefing that's submitted to the court, a party who has a spousal interest in Minnesota only has a marital interest, or as you said, Your Honor, a financial interest. It cannot transfer its ownership interest to a third party, nor can it pledge a mortgage to encumber said property. Okay, but that case, I think this is your opponent's point, was about a transfer that the spouse attempted during the marriage, right? No, Your Honor. Before there was a dissolution decree? No, Your Honor. The fact pattern is that the judgment decree between the two parties, the debtor and Ms. Clement, was finalized in February 2012. I'm talking about the facts of Johnson, not this case. Oh, I'm sorry. Yes. So they're arguing that's a distinction, and they're arguing that Searles controls. So how should we interpret Searles, and how should we respond to their contention with respect to the distinction in Johnson? I'm sorry, Your Honor. I follow your question. Actually, Searles and Thompson can be read rather easily in a harmonious fashion. Thompson states that a party doesn't have a marital interest in or, excuse me, an ownership interest just because he or she is a spouse during the marriage, that they can transfer to another party, that it's his or her interest best at the time of dissolution. That's when it's determined and defined, right? Yes, Your Honor.  In that case, the distinction factually between that case and the case at hand, as well as the case in Thompson, is that? It's Johnson. Johnson. I'm sorry. Thank you. I'm sorry. Johnson, Henry Johnson. We don't need any more confusion in this case. Thank you. Trying to find the Thompson. The common names in Minnesota. Sorry. The Searles case, in that case, Your Honor, the court never entered an order or it was addressed in the judgment decree on the division of property. Okay. So isn't this whole issue then a red herring? Yes. Okay. Because the important thing is what did the dissolution decree and the disposition judgment do, right? Correct, Your Honor. Okay. So Searles, Johnson. Forget about it. Well, don't even forget about it. I would contend that they do are read in a harmonious fashion, that until there is a determination at dissolution, the spousal who is not in fee ownership doesn't have an ownership interest in the property and can transfer it. Okay. But we have that here. We do have that. So we don't have to worry about what would happen. We don't have to worry about it. Okay. Good. Thank you. And let me just make sure I'm understanding your argument because when I read involved, but also it was brought on a motion to dismiss, which is a fairly low standard to me. And as I read the facts in Searle, that valuation that's required under the Minnesota statute simply just never occurred. So it wasn't a matter of determining her ownership interest. It was perhaps a matter of the valuation. Would that be a proper application of the Minnesota statute to those facts? Yes, Your Honor. They're determining financial interests. However, the action in of itself was an attempt to distribute the property. And the husband maintained that the wife did not have an ownership interest. And the court did find that ownership interest is determined and defined at dissolution for the purposes of distribution to the spouses. And in that case, because it didn't happen, they had an issue. Here, as Judge Dowd points out, we don't have an issue. And it's truly irrelevant what happens prior to the real estate disposition judgment being introduced. Okay. So let's get on to the relevant stuff. Okay. Let's do that. And, Your Honors, when you look at the summary real estate disposition judgment, as the court pointed out, the fact that there was a, it's contemplated that a deed should be transferred, as a matter of law, it's superfluous. Because, as Judge Dowd pointed out, the summary real estate disposition judgment, which is an order, it's argued sort of like it's a contract, but it's an order that we must respect, does state that a certified copy of the judgment decree or the summary real estate disposition judgment shall be Judge Ridgway found that of import, and correctly so. And under Minnesota law and based on the court order that was entered and recorded prior to the bungled deed that was later drafted, is dispositive in this case. How do you get from, let's just say that we go back and say, you know, Ms. Clement, you need to transfer this to Mr. Clement individually. What does that do for the bank? I'm not following the argument that that somehow generates a fact issue. I mean, isn't the mortgage still not correct or not enforceable? Correct, Your Honor. It would be one thing if this bungled transaction was done correctly, but it wasn't. And so, to the extent that it was necessary, although we maintain it's not necessary, to have a deed from Ms. Clement to Tracy Clement of record prior to the summary real estate disposition judgment being recorded. But what I'm saying is even if it was done right and we have the same facts, how does that advance the bank's claim? It doesn't, because Tracy Clement would still be the fee owner of the property at issue. And that's, there's no Scribner's error issue here. That's another red herring, Your Honors. The fact that the trust is the recipient of a bungled transaction doesn't advance the bank's cause, Your Honor. To the extent that it was necessary to provide a deed, the recipient of the deed was Tracy Clement, which makes sense because he's the fee owner of the property. Ms. Clement only had a marital interest. She couldn't transfer that interest to anyone in this room during her marriage, and she couldn't transfer it to his trust, let alone having her trust transfer it to his trust. In fact, on that issue, Your Honor, the law cited in the briefing from the bank on whether a trustee can transfer a trust's interest is entirely correct. But what the bank, the bank's position, the reason why it's wrong is it has, it's advocating a position in reverse. A trust can't transfer an individual's interest to another party. It's a distinct, as Judge Shodin pointed out, it's a distinct legal entity. So on the BFP question, which is at the heart of the 544A3 argument, Mr. Dove seems to be arguing that you had, the trustee would have had constructive notice because these transfers, bungled though they were, are a matter of record. What's your response to that? When you have in this situation, Your Honor, a stranger to title, because a stranger of title conveys a mortgage to a third party financial institution to encumber the real property at issue when it never had a fee interest, the fact that there's notice is irrelevant. They never had, they were, it would be different if they truly had an interest and the trustee might have been aware of a deed that was unrecorded, but here there was an inappropriate deed that had no legal impact on the case at hand that was recorded. So what you're doing is referring to the distinction between its being enforceable and notice of it. Correct. Complete distinction. And I will also cite Minnesota law that's when 518.191, MnSTAT 518.191, which is the Summary Real Estate Disposition Judgment, which states in Subdivision 4 that a party can rely on the Summary Real Estate Disposition Judgment on the transfer of title. In light of the fact that the Summary Real Estate Disposition Judgment in this case was of record prior to the inappropriate, ineffective deed, demonstrates the proper fee owner of the property at issue. So I want to make sure I'm clear on, when you say stranger to title, in some of the briefing or in some of the arguments it seems to say that the bank is the stranger to title. It really is Clement's, Tracy Clement's trust that's the stranger to title. That's correct. So if the Summary Real Estate Disposition was filed and it said that Tracy Clement was to transfer to Richard Clement and that was binding, the fact that we have this thing that happened outside of that, I guess I don't understand how we go back and change that unless there was an amendment to the disposition. Because if I'm understanding the law correctly, if you rely on that disposition, you still don't have the trust involved. Correct. Okay. Correct. And to the extent the parties, during their dissolution, intended to have the asset transferred to another party, an amended Summary Real Estate Disposition Judgment is available under Minnesota law and can supersede the original disposition judgment that's recorded. And any third party can rely on that amended Summary Real Estate Disposition Judgment. But that didn't happen here. They relied on the deed. They relied on the deed, which is the result of a bungled transaction, in their words. Yes. Here, Your Honors, when interpreting the facts in the Maryland law, there's really only one outcome. Nancy had the authority to transfer whatever interest she may have had at the time to one party, her spouse, Tracy Clement. That's what the Summary Real Estate Disposition Judgment accomplished when it was recorded in both Maurer and Fillmore counties in the spring of 2012. Therefore, Tracy Clement Trusts was never a fee owner of any of the real properties and was merely a stranger to title when it attempted to convey a mortgage to the bank. Therefore, the Bankruptcy Court had it correct when it entered Summary Judgment in September, and we request that this court affirm the court order. Thank you, Your Honors. Thank you. Mr. Dove. Thank you, Your Honors. I'll be brief because I don't have a lot of time. With respect to the reliance on the Summary Real Estate Disposition Judgment, I mean, it states that. You can rely on that. But what he's missing and what isn't there is to establish the facts stated in the judgment. Okay? So the Summary Real Estate Judgment Order or Disposition Judgment is entered. You read that. Okay? You come in and you read that, and it says Nancy Clement needs to deliver a deed. Okay? So now that's step two. First step was there. That one was recorded. Step two, now you go back and look at the deed. The facts in the Summary Real Estate Disposition Judgment require you to at least be cognizant of  But she did issue a deed. It was just wrong. I don't believe it was wrong. There's nothing in the Summary Real Estate Disposition that says, it says to the debtor, it doesn't say, or to Tracy Clement, it doesn't say that she can't do it. There's nothing prohibiting her from doing it or executing the deed to. But she did execute a deed. She just did it from her trust to his trust. And that's silent in the decree. But the judge never even got that far, the bankruptcy judge, Judge Ridgeway. He just said, I don't even need to look at that because I am determining all of her interest was terminated. That's the word he used, was terminated and never had to even get to it. You're trying to tell us there's some distinction between transferred and terminated, that somehow it could be transferred pursuant to the disposition but not terminated? Judge Ridgeway, in his opinion, said that upon the recording of the Summary Real Estate Disposition Judgment, it terminated all of her interest. So wouldn't that be correct if all of her interest was transferred from her to somebody else by reason of the disposition judgment? No, because it says it's only to establish the facts in that judgment. The facts in the judgment says there also has to be, will execute a deed. So it's a two-part step in this real estate disposition judgment. One, you can record it and it does that, but then you look at that and you rely on the facts contained within that process, and it says that she needs to sign the deed. My time is up. Thank you. Thank you.